■ In the Matter of IRIS C. (ANONYMOUS) et al. EDWARDO C. (ANONYMOUS) et al., Appellants.— In a child abuse proceeding, the appeal, as limited by appellants' brief, is from so much of an order of the Family Court, Queens County, dated January 5, 1972, as adjudged that Iris C. (anonymous) was an abused child. We have also reviewed an order of disposition of the same court, dated May 2, 1972, which again adjudged that the said child was an abused child and discharged her to appellants under court·supervision for one year (CPLR 5517, subd. [b]). Orders modified, on the law and the facts, by deleting therefrom the adjudication that the said child is an abused child and by substituting therefor an adjudication that she is a neglected child. As so modified, order dated January 5, 1972 affirmed insofar as appealed from and order dated May 2, 1972, affirmed, without costs. We find that the evidence would support a finding that the child Iris, about three years of age at the time in question, was neglected. The evidence presented was insufficient to determine whether the child's injuries, two black eyes, numerous bruises all over the body, and a swollen lump on the forehead, were the result of abuse. However, a finding of neglect can be made on any or all of three bases, to wit: appellants (1) did not promptly obtain obviously necessary medical care, (2) inflicted excessive corporal punishment and (3) failed to properly supervise or be aware of the activities of this young child by allowing her chronically to play outside after dark by herself and with teen-aged children. The testimony of witnesses to alleged beatings of the child with a leather belt in the two months prior to the observation of the injuries which form the basis of the abuse petition is, in our opinion, admissible on the petition herein (made on October 14, 1971), under the theory of continuing conditions or tendencies (Prince, Richardson's Evidence [10th ed.], § 74). Further, since appellants asserted that they never had beaten the child and only had used a cloth belt to spank her, the testimony of eyewitnesses of beatings with a leather belt was admissible to impeach appellants' credibility. Hopkins, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.